UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN MILLER, INC.,

        Plaintiff,

                                File No. 1:14-CV-1111

v.

                                HON. ROBERT HOLMES BELL

BLUMENTHAL DISTRIBUTING, INC.,
d/b/a OFFICE STAR, and
FRIS OFFICE OUTFITTERS, INC.,

        Defendants.

_____/

## O P I N I O N

    This is a trademark infringement case filed by Plaintiff Herman Miller, Inc., in October 2014 against Defendants Blumenthal Distributing, Inc., and Fris Office Outfitters, Inc., alleging that Blumenthal and Fris distribute office chairs that resemble Herman Miller's iconic AERON and EAMES design chairs. Herman Miller and Blumenthal are currently litigating a similar case in the Central District of California. Therefore, Blumenthal has filed a Motion to Stay, or Dismiss, or Transfer Venue (ECF No. 14) in the case currently pending before this Court. For the reasons that follow, this Court will dismiss the case against Blumenthal Distributing and retain in this District the case against Fris Office Outfitters.

## I.

    Plaintiff Herman Miller owns registered trademarks for the AERON and EAMES design office chairs. On December 13, 2013, Herman Miller sent a cease and desist letter to Defendant Blumenthal Distributing, d/b/a Office Star, objecting to its sales of certain chairs

that Herman Miller claimed infringed on its AERON and EAMES designs. (ECF No. 15-1.) On January 9, 2014, Office Star responded to the letter, explaining why Office Star had not infringed on Herman Miller's rights. (ECF No. 15-2.) On February 24, 2014, Herman Miller responded and stated it did not agree with Office Star's position. (ECF No. 15-3.) Office Star did not respond to that letter.

Herman Miller sent a cease and desist letter on August 13, 2014, to Bed, Bath, & Beyond (BB&B), a retail seller of Office Star's chairs, demanding that BB&B cease sales of the infringing chairs. (ECF No. 15-4.) On September 16, 2014, Office Star and BB&B commenced an action in the Central District of California, seeking a declaratory judgment that Office Star chairs did not infringe on Herman Miller's trade dress rights. (ECF No. 15-5.) *See Blumenthal Distrib. v. Herman Miller*, 5:14-cv-1926-JAK-SP (C.D. Cal. filed Sept. 16, 2014).

On October 27, 2014, Herman Miller commenced this action against Office Star and Fris in this Court alleging that sale of Office Star's chairs constitutes trade dress infringement, trademark dilution, and unfair competition. (Compl., ECF No. 1.)

In the Central District of California litigation, BB&B withdrew from the case. On January 23, 2015, Herman Miller filed a motion to dismiss the California litigation for lack of jurisdiction over the declaratory judgment action, or to transfer venue to this Court. Fris was not named as a party in the California litigation, but it was notified as an interested party. On March 30, 2015, the Central District of California, The Honorable John A. Ronstadt,

2

denied Herman Miller's motion to dismiss or to transfer, ruling that it appropriately exercised jurisdiction over the declaratory judgment action. *Blumenthal Distrib. v. Herman Miller*, 5:14-cv-1926-JAK-SP, slip op. (C.D. Cal. March 30, 2015) (ECF No. 35).

## II.

The first-to-file rule is "a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. A'ppx 433, 437 (6th Cir. 2001) (internal quotation marks omitted). "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (internal citations omitted). The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 632 (9th Cir. 1991).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Defendant Office Star makes several arguments in its motion to stay, dismiss, or

transfer. First, Office Star argues that this action should be stayed until the Central District of California decides whether it retains jurisdiction. This argument is moot. The Central District of California ruled on March 30, 2015, that it exercises jurisdiction over the declaratory judgment action. *Blumenthal Distrib. v. Herman Miller*, 5:14-cv-1926-JAK-SP, (C.D. Cal. March 30, 2015) (ECF No. 35). Second, Office Star argues that this second-filed action should be dismissed because the California action is the first-filed case and involves nearly identical parties and issues. Third, and alternatively, Office Star argues that this action should be transferred to the Central District of California for the convenience of parties and witnesses. Defendants note that Office Star is defending and indemnifying Fris.

The first prerequisite of the first-to-file rule is clearly satisfied because Office Star filed suit in the Central District of California on September 16, 2014, before Herman Miller initiated suit in this Court on October 27, 2014. Therefore, the case in Michigan is the second in time case.

The issues in both cases are identical. In its First Amended Complaint filed in the California action, Office Star requests a judicial declaration that none of its accused chairs infringe on Herman Miller's asserted trade dress rights and that none of the accused chairs is likely to cause confusion or to cause mistake or deceive as to the affiliation or origin of its chairs. (5:14-cv-1026-JAK-SP, ECF No. 13.) In its Complaint before this Court, Herman Miller alleges trademark infringement, false designations, dilution, violations of the Michigan Consumer Protection Act ("MCPA"), and common law unfair competition. (ECF

No. 1.) Because violations of the MCPA and common law unfair competition are analyzed under the same likelihood-of-confusion framework as federal trademark infringement claims, all Herman Miller's claims essentially involve issues of trademark infringement. The issues are thus identical to those asserted in the California action.

The parties in both cases are not identical, however. Adjudication of the trademark infringement issue between Herman Miller and Office Star in California would preclude litigation of that issue between those two parties in this Court. The case in this Court also involves Fris, a Michigan party who distributes Office Star's chairs. The California litigation would not have res judicata effect or be legally binding as to Fris. Therefore, this Court cannot dismiss Herman Miller's case against Fris under the first-to-file rule.

A motion to transfer under 28 U.S.C. § 1404(a) is a separate analysis from the first-to-file rule. As a preliminary matter, this Court cannot transfer the case against Fris to the Central District of California absent a finding prior to transfer that the Central District of California court can exercise personal jurisdiction over Fris. 28 U.S.C. § 1404(a). *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). It is immaterial if Fris subsequently makes itself subject to the personal jurisdiction of the Central District of California by consent or waiver of venue. *Id.* at 344.

Herman Miller argues that Fris has not specifically conceded that the Central District of California could exercise personal jurisdiction over it. The President of Fris declared in his affidavit that Fris purchases products from California and sells and ships product to

5

California. (Aff. of John Fris, ECF No. 15, Ex. C.) Merely buying supplies from a forum state is insufficient to confer personal jurisdiction. *See Helicopters Nacionales de Columbia v. Hall*, 466 U.S. 408, 416-18 (1984). Selling products to California may also be insufficient to confer specific personal jurisdiction if Fris has not sold the accused chairs there. Absent further factual development, this Court cannot find that the Central District of California may properly exercise personal jurisdiction over Fris. Therefore, this Court cannot transfer Herman Miller's case against Fris.

## III.

Under the first-to-file rule, this Court shall dismiss Herman Miller's action against Office Star due to the pending litigation initiated in the Central District of California prior to this suit. This Court shall retain jurisdiction and venue in Herman Miller's action against Fris because the Court cannot make a finding that the Central District of California has personal jurisdiction over Fris to satisfy the venue transfer statute.

An order consistent with this Opinion shall be entered.


Dated: <u>April 8, 2015</u>                    <u>/s/ Robert Holmes Bell</u>
                                                                ROBERT HOLMES BELL
                                                                UNITED STATES DISTRICT JUDGE